IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SCOTT B. TRAMMELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-01473-RDP |
| | ) | |
| **AMDOCS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT AMDOCS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

Plaintiff Scott B. Trammell ("Plaintiff") brings this single-count lawsuit against Defendant Amdocs, Inc. ("Amdocs"), asserting a claim for overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Amdocs now moves for summary judgment pursuant to Fed. R. Civ. P. 56, because Plaintiff was exempt from the overtime provisions of the FLSA as a highly-compensated employee.

### II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff worked for Amdocs from March 2010 until February 2015 in a variety of senior information technology roles, his most recent position titled as a Project Management Office ("PMO") Professional. Declaration of Tricia Reisinger, ¶ 4, attached hereto as "Exhibit A."

2. Amdocs is a computer software company that provides billing and customer management services for communications service providers. *Id.*, ¶ 3.

3. Plaintiff's employment with Amdocs ended in February 2015. *Id.*, ¶ 4.

4.      Plaintiff's Complaint only provides that he was responsible for generating reports and responding to e-mail correspondence, without listing additional duties of his position. Complaint, ¶ 18.; Decl. of T. Reisinger, ¶ 5 and Exhibit 1 thereto.

5.      In addition to the duties described in Plaintiff's Complaint, and at all times relevant to this action, Plaintiff was also responsible for: monitoring and coordinating team projects, providing end to end project management, managing team workload, providing overall delivery of multiple projects, and coordinating, tracking, and reporting IT releases. Decl. of T. Reisinger, ¶ 5 and Exhibit 1 thereto.

6.      All of Plaintiff's job duties involved non-manual office work. *Id.*, ¶ 6.

7.      Plaintiff's Complaint alleges only that he made "approximately $48.00 per hour during the period of time from August, 2014 to January, 2015." Complaint, ¶ 21.

8.      Plaintiff, however, made more than $100,000 in 2014, and would have made more than $100,000 in 2015 based upon his pay on an annualized basis. Decl. of T. Reisinger, ¶¶ 7-10 and Exhibit 2 thereto.

9.      Plaintiff was paid on a salary basis, earning $4,251.84 on a semi-monthly basis. *Id.*, ¶ 7. Additionally, Plaintiff was eligible for, and received, certain awards and bonuses, although his base salary alone was more than $100,000. *Id.*, ¶ 8.

### III.     LEGAL STANDARD

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmovant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words,

there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (internal citations omitted).

Further, this issue is ripe for determination.  Although some courts generally allow the parties to conduct discovery prior to granting summary judgment, the Eleventh Circuit Court of Appeals has refused to adopt a blanket prohibition on the granting of summary judgment prior to the completion of discovery.  *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841 (11th Cir. 1989); *see also Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) ("The district court is not required to await the completion of discovery before ruling on a motion for summary judgment.").  As described more fully below, discovery in this case is wholly unnecessary to adjudicate Plaintiff's claims; summary judgment should be entered dismissing this lawsuit with prejudice.

### III.    ARGUMENT

The FLSA provides certain overtime protections for non-exempt employees, requiring that such employees are compensated at "not less than one and one-half times the regular rate at which" the employee is employed.  29 U.S.C. § 207(a)(1).  Not all employees, however, are covered the overtime provisions of the FLSA.  For example, the FLSA exempts executive, administrative, and professional employees (29 U.S.C. § 213(a)(1)), certain fishing operations employees (29 U.S.C. § 213(a)(5)), and certain agricultural employees (29 U.S.C. § 213(a)(6)).

Highly-compensated employees, including Plaintiff, also are exempt from the overtime provisions of the FLSA. Specifically, an employee "with total annual compensation of at least $100,000 is deemed exempt under section 13(a)(1) of the Act if the employee customarily and regularly performs *any one or more* of the exempt duties or responsibilities of an executive, administrative, or professional employee . . . ." 29 C.F.R. § 541.601(a)(emphasis added). Under the regulation's framework, the employee's total annual compensation must include at least $455 per week on a salary or fee basis, and may also include commissions, nondiscretionary bonuses, and other nondiscretionary compensation which total $100,000 annually. *Id.* at § 541.601(b)(1).

### A. Amdocs Paid Plaintiff More than $100,000 Annually.

Here, Plaintiff's Complaint is noticeably devoid of detail regarding his compensation. The only mention of his pay comes from Paragraph 21, in which he states that he "was compensated at the rate of approximately $48.00 per hour during the period of time from August, 2014 to January, 2015." Complaint, ¶ 21. However, it is indisputable that Plaintiff earned in excess of $100,000 annually. As shown by Plaintiff's Earnings Statements, from August 2014 through the end of the 2014 calendar year, Plaintiff received compensation of $4,251.84 on a semi-monthly basis, except for one pay period where he received $4,351.84, the extra hundred dollars stemming from a Holiday Gift. Decl. of T. Reisinger, ¶ 8, and Exhibit 2 thereto. Further, at the end of August 2014, Plaintiff received a $2,000.00 bonus.[1]  *Id.*  As the Earnings Statements unequivocally demonstrate, Plaintiff received total compensation of $104,244.16 in calendar year 2014, and his compensation was on a salary basis during the entire period Plaintiff alleges he should have been paid overtime. Therefore, Plaintiff met the compensation threshold required for the highly-compensated employee exemption under the FLSA.

---

[1] Even without the Holiday Gift and bonus, Plaintiff made more than $100,000.00. Decl. of T. Reisinger, ¶ 9.

### 2. Plaintiff Performed Non-Manual, Exempt Duties.

The second prong of the highly-compensated exemption requires that the employee "customarily and regularly performs *any one or more* of the exempt duties or responsibilities of an executive, administrative or professional employee . . . ." 29 C.F.R. § 541.601(c) (emphasis supplied). The employee need only perform *one* of the exempt duties to satisfy this requirement. The regulation emphasizes that receiving a "high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." *Id.*

Here, it cannot be disputed that Plaintiff performed at least one or more duties of an exempt employee. Plaintiff's Complaint admits to performing non-manual duties including "generating reports for his supervisor, and responding to e-mail correspondence." Complaint, ¶ 18. In addition to those duties alleged, Plaintiff was also responsible for monitoring and coordinating team projects, and managing team workload, among other tasks of exempt employees. Decl. of T. Reisinger, ¶ 5, and Exhibit 1 thereto. Plaintiff's own resume, as maintained online, also admits that he performed exempt duties.[2] As shown by the job description for Plaintiff's position, and although only *one* of Plaintiff's duties needed to satisfy the exempt duty requirement, nearly all of Plaintiff's duties were exempt in nature. Decl. of T. Reisinger, ¶ 5, and Exhibit 1 thereto. *See*, *e.g.*, *Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, 877 F. Supp. 2d 1161, 1180 (N.D. Ala. 2012).[3]

---

[2] Plaintiff's LinkedIn profile and resume are attached hereto as Exhibit B.

[3] There is no need to demonstrate that Plaintiff exercised independent discretion. *See Coppage v. Bradshaw*, 665 F. Supp. 2d 1361, 1369 (N.D. Ga. 2009) (citing 29 C.F.R. § 541.601(c) and noting that "the applicable regulation does not require a highly compensated employee to exercise discretion.").

Finally, 29 C.F.R. § 541.601(d) requires that the employee's primary duty includes "performing office or non-manual work." As shown above, all of Plaintiff's duties at Amdocs involved non-manual office work. Decl. of T. Reisinger, ¶ 6, and Exhibit 1 thereto. He did not perform production-line, construction, or any other manual work requiring physical exertion or effort, nor does he allege any such manual work in his Complaint.

As Plaintiff meets all of these requirements under the highly-compensated employee exemption, he was exempt from the overtime provisions of the FLSA, and Plaintiff's Complaint fails as a matter of law.

## IV.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, Amdocs respectfully requests that the Court grant Amdocs's Motion for Summary Judgment.

                                                  Respectfully submitted,

                                                  BAKER, DONELSON, BEARMAN, CALDWELL
                                                  & BERKOWITZ, PC

                                                  By /s/ Wesley C. Redmond

                                                      Wesley C. Redmond
                                                      420 North 20th Street, Suite 1400
                                                      Birmingham, AL 35203
                                                      205-250-8319
                                                      FAX 205-488-3719
                                                      wredmond@bakerdonelson.com

        THOMPSON COBURN LLP

        Laura M. Jordan, Esq. (*pro hac vice*)
        Paul R. Klein, Esq. (*pro hac vice*)
        One US Bank Plaza
        St. Louis, Missouri  63101
        314-552-6000
        FAX 314-552-7000
        ljordan@thompsoncoburn.com
        pklein@thompsoncoburn.com

      Attorneys for Defendant Amdocs, Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on the 19th day of October, 2015, I electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing, via electronic mail, to all attorneys of record.

Richard A. Bearden
MASSEY STOTSER & NICHOLS PC
1780 Gadsden Highway
Birmingham, Alabama 35235
telephone:  (205) 838-9000
facsimile:   (205) 838-9024
rbearden@msnattorneys.com

             /s/ Wesley C. Redmond